Hubbard, J.
This case comes before us upon exceptions to the ruling of the court of common pleas, dismissing the action from that court, for want of jurisdiction. And the only question is, whether the plaintiff’s action respected an easement belonging to his real estate. This depends on his declaration, which contains two counts. These counts, we think, set out substantially the same legal rights of the plaintiff, and the same injuries by the defendant. And if these rights create an easement on the estate of the defendant, then the case is not within the jurisdiction of the court of common pleas, and the judgment of that court was correct.
The plaintiff’s counsel have argued that this was an injury to the plaintiff’s personal estate, and to the realty itself, and not an injury to the easement. But this position, though ingenious, cannot be maintained. The injury to the personal estate is consequential; and if the defendant had a right to use the stream for washing ore, then, though the plaintiff’s personal property was injured, he could maintain no action for such injury, because the defendant’s act was lawful. No trespass has been committed upon the plaintiff, and his realty has not been disturbed. The injury, therefore, is a violation of the plaintiff’s right to receive the water in its natural course from the defendant’s close, free from foreign mixtures of dirt and ore, which fill up his pond and injure his skins and hides by impure matter. This is an unlawful obstruction of nis right to the water in its natural state, and is not distinguishable from the case of Cary v. Daniels, 5 Met. 236, which was thoroughly examined. There the defendant, by erecting a dam, threw back water upon the plaintiff’s wheel, and obstructed the use of it, by checking the regular flow of the water from the plaintiff’s premises ; the defendant being below the plaintiff on the stream. Here the defendant is *284 above, and obstructs the water by the impure mixtures, and by filling the plaintiff’s pond. The injuries are similar in their nature, and are both violations of easements. As in this case, so there, it was contended that the plaintiff’s right was not an easement, but that a natural watercourse was parcel of the premises, and not a mere easement or appurtenance. But the learned judge, in giving the opinion of the court as to the right of the owner to the water, as running through his own land, and his right to have the stream flow from his neighbor’s land to his own, without obstruction or diversion, says, “ the right which a party has to the use of water flowing over his own land is undoubtedly identified with the realty, and is a real or corporeal hereditament, and not an easement; but the right of a party to have the water of a stream or watercourse flow to or from his lands or mill, over the land of another, is an incorporeal hereditament and an easement, or a prasdial service, as defined by the civil lav/. And it is immaterial whether the watercourse be natural or artificial, or whether the right is derived ex jure natures, or by grant or prescription.” And we entertain no doubt of the correctness of this position.
In the present case, there were the respective estates of the plaintiff and defendant; the dominant tenement in the mill and tannery of the plaintiff, and the servient tenement in the land of the defendant. The plaintiff claims the flow of water from the defendant’s land, -unobstructed and undefiled ; and that right, if established by him, is an easement in the defendant’s land. It is that species of property or right in another man’s property, and his use of it, which is known and treated as an easement, and, as such, is the subject of legal protection. This right, the plaintiff contends, has been injured ,• and St. 1840, c. 87, distinctly confers upon this court the exclusive jurisdiction in the trial of such rights, by giving it such jurisdiction of “all actions respecting easements on real estate.” Following, therefore, the authority of Cary v. Daniels, which we do not wish to disturb by the adoption of nice distinctions, which neither justice nor sound *285 policy require, we are of opinion that the judgment of the court of common pleas was correct, and ought to be affirmed.

Exceptions overruled.